**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE:  HOTEL BOOKING ADA LITIGATIONS       MDL DOCKET NUMBER:  _____

**DEFENDANT HOTELS AND STUFF INC. BRIEF IN SUPPORT OF THE MOTION TO
TRANSFER ACTIONS PURSUANT TO 28 USC 1407 FOR CENTRALIZATION OF
THE ACTIONS FOR COORDINATED OR CONSOLIDATED PRETRIAL
PROCEEDINGS**

Defendant Hotels and Stuff Inc. files this Brief in Support of its Motion to Transfer

Actions:

Presently, forty (40) nearly identical actions were filed against small hotels.  The suits

allege violations of the Americans with Disabilities Act.   However, the suits are not based on

any conduct of the various defendants, but on a purported inability to access information

helpful to disabled persons on websites owned by third-parties.  More identical lawsuits are to

come.

The websites in question all belong to the Expedia Group or to Booking.com B.V., yet

these indispensable parties have not been named in any of the lawsuits.  Indeed, a single action

could have been filed alleging all of the defects against Expedia Group and Booking.com B.V.,

and the cases could be resolved by the website owners.  It is unfortunately suggested that

resolving the problem with the two hotel booking search engines directly would not incur

millions of dollars in attorney fees, enriching counsel.

Specifically, the program works like this:  Plaintiff Saim Sarwar ("Sarwar") and others

affiliated with the Thomas A. Bacon law firm, without any plans or intentions to stay at the

hotels in question, views random websites on the internet looking to see if information for

disabled persons exists as to the hotels.   The majority of the websites accessed are controlled

by Expedia Group either directly or through its affiliate network.  Some websites in Sarwar's lawsuits against other hotels are controlled by Booking.com B.V.  In about twenty-percent (20%) of the cases, the hotel might – in addition to the Expedia and Booking.com websites – maintain their own website.  In the case against Hotels and Stuff Inc., all of the websites cited are affiliates of Expedia Group.

Without any advanced notice to the hotels, Sarwar files lawsuits for injunctive relief.[1] He alleges that Expedia and Booking.com's websites do not list sufficient information to determine if a room would suit his needs – a room he never intended to book in a location he never intended to visit.  Therefore, Sarwar allegedly feels discriminated against by the hotels he never planned to do business with.  He apparently does not feel discriminated against by Expedia and Booking.com as he continues to frequent their search engines, looking for more hotels to sue, leaving Expedia and Booking.com as non-parties.

After filing suit, when counsel appears for the defendant hotel, agents of the Thomas A. Bacon law firm immediately demand to settle the suit for $10,000 for a release, $6,500 for a partial release, or to allow the district courts to determine the attorney fees but no release.

These 40 lawsuits are just the beginning.  It is believed that the Thomas A. Bacon firm is preparing many more lawsuits in Sarwar's name.  Specifically, looking at the conduct of the Thomas A. Bacon law firm, over 500 identically worded lawsuits were filed in the past on behalf of other plaintiffs.  Many settled promptly with a payment to the Thomas A. Bacon law firm resulting in millions of dollars in windfall legal fees of $5,000 to $10,000 for a couple hours of work.

Each of the lawsuits are cookie cutter with minor various from the template to identify

---

1   In New York, Sarwar also includes a claim under state law for $1000 in damages.

the Expedia and Booking.com websites that were accessed.  In some Northern District of New York lawsuits, Sarwar alleges he actually planned to visit the cities where the hotels were located.  As to the other states, Sarwar does not bother to claim he intended to visit the state, but only wanted to see the "website."  The websites are the same-- they are Expedia and Booking.com's search engines, yet 40 lawsuits are pending without Expedia Group or Booking.com B.V. named in any of them.

The forty (40) present lawsuits are all in their initial stages.  The lawsuits are identical. There is no need to describe each action in detail since they all come from the same ditto machine. Sarwar's lawsuits do not even allege the date he accessed the websites in question, though we trust that either he or his legal counsel did take a few minutes to glance at the hotels before suing.

Certainly, if these actions related solely to websites operated by the individual defendants, perhaps localization of the lawsuits would be appropriate as the facts would be somewhat different.  However, the majority of the websites in question are not operated, owned by, subscribed to, or contracted by the defendant hotels.

I. **Standard for Consolidation**

Section 1407(a) permits transfer and centralization of cases that are pending in different districts if: (1) the cases "involv[e] one or more common questions of fact"; (2) transfer and centralization will further the "convenience of the parties and witnesses"; and (3) transfer and centralization "will promote the just and efficient conduct of such actions." The aim of Section 1407 is to "eliminate duplication in discovery, avoid conflicting rules and schedules, reduce litigation costs, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 410 (2015) (quoting Manual for

Complex Litigation § 20.131, p. 220 (4th Ed. 2004)).

II. **Common Questions of Fact**

Common Questions of Fact exists in the cases.  Specifically, the facts alleged in each lawsuit are close to identical, practically cut and paste.  Sarwar or others "test" the same websites over and over looking for new hotels to sue.  Sarwar claims he will visit the same websites again, not to book a room, but to see if the same hotels comply with the ADA.  The websites are not different, as stated above, they are mostly search engines operated by Expedia Group or Booking.com B.V.  Even though the url (website) may be different, or have a different name, the site itself is all Expedia Group or Booking.com B.V. data.   Contrary to Sarwar's implying he accesses between 8 and 10 websites, they are actually the same website with a different URL.   In each case, Sarwar alleges that the Expedia or Booking.com owned site lacks sufficient information as to handicapped accommodations and that the hotels must "fix" it or eliminate their relationship with Expedia/Booking.com.

Although not alleged in the lawsuit, the hotel defendants are sub-contractors for Expedia Group.  Sarwar entered into Terms of Use with Expedia Group as to their website's content. Sarwar's use of the website constitutes a relationship between him and Expedia, not the hotel. These terms apply to all the Expedia websites regardless of the unique names Sarwar applies to them.  The Terms of Use also contain an agreement to arbitrate the disputes.

Therefore, common facts exist.  The only variations in the facts are the specifications of each individual hotel as listed on the Expedia or Booking.com and the myriad other URLs operated by those search engines.  Sarwar's lawsuit does not distinguish the facts; rather, counsel uses a cookie-cutter to make same allegation as to all of the hotels, although at times the frosting might be applied differently.

### III.  __Centralization will be Convenient for the Parties and Witnesses__

 Centralization will eliminate duplicative discovery…prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary." *In re Commodity Exchange, Inc., Gold Futures & Options Trading Litig.*, 38 F.Supp.3d 1394, 1395 (J.P.M.L. 2014).  Centralization will be convenient for all of the parties and witnesses. Specifically, Sarwar suffers from disabilities.  Consolidation will allow him to be deposed or participate in discovery in a convenient, coordinated manner for all his counsel's lawsuits.

The websites are all operated by Expedia Group and Booking.com B.V.  There exists no need for representatives of these companies to participate in forty (40) depositions all throughout the United States to say the same thing or to receive 40 different subpoenas. Consolidation of the cases will allow Expedia Group and Booking.com B.V. to provide their records and information in an orderly manner.

### IV.  __Reduced Costs__

The ADA lawsuits filed seek only injunctive relief and attorney fees.  As stated above, Sarwar's attorneys claim a need for $10,000 per case in attorney fees for a full release and $6,500 for a partial release.   That is purportedly the fair fees if the case is settled immediately without the need for the attorneys to actually work and litigate the case.  Imagine the costs if all of these hotels have to litigate the same legal questions and scheduling matters over and over.

Consolidation of these forty (40) cases and all future hotel search engine cases filed by affiliates of Thomas A. Bacon P.A. should drastically reduce legal counsel's costs and time -- costs that Sarwar intends to tax on the defendant hotels.

V.  **Consolidation Can "Fix" All of the Alleged ADA Violations**

As explained, the websites of different names all belong to Expedia Group and Booking.com B.V.  While Movant Hotels and Stuff Inc. does not know what the other hotels plan on doing, it intends to join Expedia Group and Booking.com as parties and to seek indemnification from them.[2]  Expedia Group and Booking.com maintain compliance departments that would gladly "fix" all the ADA violations that Sarwar brings to their attention, whether informally or via these lawsuits. Consolidation will enable Expedia Group and Booking.com, once joined, to monitor the obstacles Sarwar faced using their websites, promptly resolving the issues and possibly mooting the need for injunctions.  Alternatively, a single injunction against Expedia Group and Booking.com B.V., if warranted, could eliminate all of these lawsuits and save countless hours of litigation costs.

VI. **Common Questions of Law Related to the Facts**

Based on the common facts alleged in the lawsuits, where Sarwar and others visit the Expedia and Booking.com affiliated websites without an intention to actually stay at the places of lodging, and with no intention to return to the website except to monitor compliance, the common question of Sarwar's constitutional standing exists.

The common facts show websites mostly operated by Expedia and Booking.com, so a common issue of law is whether Expedia Group and Booking.com are indispensable parties or required to indemnify all of the hotels being sued for the extremely high attorney fees incurred by the Sarwar.

Since Sarwar accessed the Expedia Group's site and understand that the hotels are

---

2   At least one defendant in the Northern District of New York raised the defense that Expedia Group and Booking.com are indispensable parties.

merely sub-contractors, and that his agreement with Expedia required arbitration, a common question of law related to the facts is whether all of these cases should be sent to arbitration or whether the hotels should be sued at all.[3]

## VII.   <u>Western District of Pennsylvania</u>

Sarwar already filed several lawsuits in the Western District of Pennsylvania.  Counsel intends to vigorously raise the standing and indispensable parties defense in that Court. Sarwar's attorney, Tristan Gillespie, Esq., closely affiliated with the Thomas A. Bacon Law Firm, is on the bar of that district court and is apparently familiar with its practices.  The court is capable of handling the MDL.  Alternatively, Hotels and Stuff suggests the District of Massachusetts, where Sarwar filed many actions.  However, Hotels and Stuff does not find any of the districts where Sarwar filed his cases to be objectionable as the leading Court.

## VIII.   <u>Conclusion</u>

There exists no need for forty (40)  identical actions to be administrated separately, especially where the law office of Thomas A. Bacon intends to file many more. Certainly Thomas A. Bacon P.A. and the associated attorneys do not desire to incur more legal fees and hours than necessary for a prompt resolution of their client's claims – especially where having to deal with discovery schedules and variations in procedure that vary from one court to another could burden their client, who suffers from disabilities.

---

3   There exists a fair question of fact and law in each of these cases as to whether there is some form of inappropriate fee sharing in place.  As stated, with the exception of the New York actions, Sarwar and others are seeking only "injunctive relief."  It is unclear why a person would want to scour the websites with no desire or plan to stay at the hotels, sue hundreds of hotels, and collect no remuneration.  It would be different if the person actually had an intent to visit the hotels.  If a fee sharing arrangement, or kickback, is occurring to encourage these lawsuits, ethical prohibitions might exist.  This is a question of fact and law that should be determined by one single inquiry rather than having it reviewed in a disjointed manner by many different courts.

WHEREFORE, Movant Hotels and Stuff respectfully requests that this Court

consolidate the forty (40) cases pursuant to 28 USC 1407 along with all tag-along cases.

Respectfully submitted,

**HOTELS AND STUFF INC.**

By:  */s/ J. Allen Roth, Esq.*
     J. Allen Roth, Esquire
     757 Lloyd Avenue #B
     Latrobe, PA  15650
     (724) 537-0939

     **ATTORNEY FOR MOVANT**