BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: HOTEL BOOKING ADA LITIGATIONS          MDL No. 2978

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. SECTION 1927 AND INHERENT POWERS**

Plaintiffs, Saim Sarwar, Janis Shumway and Deborah Laufer, by and through undersigned counsel, hereby files the instant Motion For Sanctions against both Defendant Hotels and Stuff, Inc., and its attorney, John Allen Roth pursuant to the inherent powers of this Panel and 28 U.S.C. Section 1927.

**MEMORANDUM**

**I.   Defendant Hotel's And Stuff And Attorney Roth Commenced These Multidistrict Proceedings Vexatiously And Frivolously**

For the reasons set forth in Plaintiff's Opposition To Defendant's Motion To Transfer, Hotel and Stuff's and Roth's commencement of these proceedings is so lacking in merit that sanctions are warranted.

As set forth in Plaintiff's Memorandum, nothing submitted by Mr. Roth or Hotels and Stuff had any factual basis or were warranted by existing law. Rather, their actions were completely frivolous and entirely devoid of merit. Indeed, Mr. Roth and Hotels and Stuff commenced these multidistrict proceedings, then proceeded to file motions in forty different cases. The only case in which Mr. Roth represents anybody was the Original Case filed against Hotels and Stuff. The other cases involved 39 other completely unrelated defendants, many of whom have their own counsel. Thus, not only has this Plaintiff's attorney and all the other plaintiff's attorneys been forced to review and react to Mr. Roth's frivolous proceeding and

motions, but all the other defendant's attorneys in all the other actions have likewise been forced to become involved, as Mr. Roth obviously attempts to affect their clients' interests, interfere with their litigation, and possibly usurp representation of their clients.

Any attorney who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to pay excess costs, expenses and attorneys' fees. 28 U.S.C. § 1927. Cody v. Palmyra Park Hosp. Inc., 398 Fed.Appx. 556, 559 (11th Cir.2010). The Statute permitting the imposition of sanctions against attorneys for vexatious and unreasonable multiplication of proceedings requires a court to find an attorney has (1) multiplied proceedings, (2) in an unreasonable and vexatious manner, (3) thereby increasing the cost of the proceedings, and (4) doing so in bad faith or by intentional misconduct. In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 100 (3rd Cir. 2008) The purpose is the deterrence of intentional and unnecessary delay in the proceedings. Id.

In Chambers v. NASCO, Inc., 501 U.S. 32, 50, (1991), the Supreme Court noted that "if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power" in imposing appropriate sanctions.   For example, Section 1927 was inadequate because it applied only to attorneys and the lower court could go beyond the limits of this statue to sanction the party. In Chambers, neither Fed. R. Civ. P. 11, nor 28 U.S.C. Section 1927 warranted the imposition of sanctions. Nonetheless, sanctions could be imposed pursuant to the trial court's inherent power. Among the conduct the Court deemed sanctionable bad faith was the filing of false and frivolous pleadings and other delay tactics which ran up litigation costs. According to the Court:

> Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them. In invoking the inherent

power to punish conduct which abuses the judicial process, a court must exercise discretion in fashioning an appropriate sanction, which may range from dismissal of a lawsuit to an assessment of attorney's fees. Although the "American Rule" prohibits the shifting of attorney's fees in most cases, see Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141,  an exception allows federal courts to exercise their inherent power to assess such fees as a sanction when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, id., at 258–259, 260, 95 S.Ct. at 1622–1623, 1623, as when the party practices a fraud upon the court, Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 580, 66 S.Ct. 1176, 1179, 90 L.Ed. 1447, ***or delays or disrupts the litigation or hampers a court order's enforcement***, Hutto v. Finney, 437 U.S. 678, 689, n. 14, 98 S.Ct. 2565, 2573, n. 14, 57 L.Ed.2d 522. Pp. 2132–2133.

Chambers, 501 U.S. at 33 (emphasis added).

Not only should Mr. Roth and Hotels and Stuff be required to compensate for the fees and costs of Plaintiff's attorneys, they should also be required to compensate the attorneys of all the other defendants.

                                                   Respectfully submitted,

                                                   By: /s/ Thomas B. Bacon
                                                 Thomas B. Bacon, P.A.
                                                 644 N. McDonald Street
                                                 Mt. Dora, FL 32757
                                                 tbb@thomasbaconlaw.com
                                                 954-478-7811

*Proof of Service*

I hereby certify that a copy of the foregoing was served on all counsel of record via this Panel's CM/ECF system this 30th day of October, 2020. Also, this day, the following unrepresented parties were served by first class mail:

Wilber LLC
Relax Inn
829 Berlin Turnpike
Berlin, CT 06037

Classic Mgt LLC
Sunset Inn
1600 Absecon Blvd.
Atlantic City, NJ 08401

Aarav Hospitality One LLC
Sunset Inn
1600 Absecon Blvd.
Atlantic City, NJ 08401

Darwin Distributors Inc.
Huntingdon Motor Inn
Motor Inn Dr.
Huntingdon PA 16652

Gaila Brandon
Riverview Hotel
105 Osborne Street
St. Marys GA 31558

Jerry Brandon
Riverview Hotel
105 Osborne Street
St. Marys GA 31558

Goldstar Group Inc.
Village Inn & Suites
37 S New York Road
Smithfield NJ 08205

Max Gurwicz
Quality Inn
3101 Pacific Ave.
Atlantic City, NJ 08401

By: /s/ Thomas B. Bacon

.