**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE:  Hotel Booking Access for Individuals
              with Disabilities Litigation         MDL DOCKET NUMBER: 2978

**DEFENDANT HOTELS AND STUFF INC.  REPLY BRIEF IN SUPPORT OF THE
MOTION TO TRANSFER ACTIONS PURSUANT TO 28 USC 1407 FOR
CENTRALIZATION OF THE ACTIONS FOR COORDINATED OR CONSOLIDATED
PRETRIAL PROCEEDINGS**

Defendant/Movant Hotels and Stuff Inc. files this Reply Brief in Support of its Motion
to Transfer Actions:

### I.  <u>Change in Position as to District</u>

Plaintiff, albeit in violation of Fed. R. Civ. Proc. 23(e), dismissed Movant from the
underlying lawsuit against it, apparently in an effort to moot this case.  For the reasons below,
Movant continues to believe that this Panel needs to take control over the present and all future
lawsuits.

However, considering the dismissal of Hotels and Stuff, a more appropriate district to
transfer these cases to would be the Western District of Texas, which has a familiarity with
underlying facts and the parties.  That Court has been able to take control of the lawsuits.
Similarly, both the Northern District of New York and the Western District of Wisconsin have
been able to assign the cases to a single judge and take control over the actions.

### II.  <u>The Cases Need Consolidated for Pretrial Proceedings and Discovery</u>

As explained in the initial petition, Plaintiffs Saim Sarwar, Janis Shumway, and Deborah
Laufer filed a battery of identical lawsuits claiming that various hotels violated the Americans
with Disabilities Act because the same websites – websites mostly owned by Expedia – do not

contain adequate information.  Attached as Exhibit A is the agreement that governs the

Expedia[1] websites explaining that hotels are merely subcontractors and that the agreement is

between Plaintiff and Expedia/Travelscape.

These suits are all identical, alleging the identical facts and issues at law.

To date, hundreds of cookie cutter lawsuits were filed, taking a toll on district courts

throughout the United States as to administration.  Courts in Texas, New York, and Wisconsin

have issued *sua sponte* orders in related litigation asking Plaintiff to show cause as to whether

there exists a factual basis for standing.  In the Western District of Texas, the Court

rendered a standing Order requiring justification of plaintiffs' standing.  *See*

Exhibit B.  Similarly, the Northern District of New York required similar

submissions in multiple cases.  *See* Exhibit C.  In *Laufer v. Lily Pond LLC C*

*Series*, 3:2020-cv-0617 (W.D.Wisc.), Docket Entry 9 (September 3, 2020), the

district court noted in a text Order that, "Plaintiff has filed substantially similar

complaints in 20 other cases in this court in the past two months" and that  "this

court is requiring plaintiff to show cause why her complaint should not be

dismissed for lack of standing."

In *Laufer v. Mann Hospitality,* 20-cv-620 (W.D.Tx. Sept. 30, 2020), the Court

chastised these serial litigations as being filed for an improper purpose, "[I]t

appears that [Plaintiff] and her attorney's sole intent in this litigation is to bully

the Defendant into handing over as much money as possible, completely without a

relationship with the business."  *See* Exhibit D.

---

1   Expedia, Orbitz, Travelocity, Bookety, Hotels.com, Hotwire, Travelscape and others are governed by this agreement or
    slight variations thereof.   The other websites Plaintiffs sue over are operated by Booking.com Group (Booking.com,
    Priceline, Agoda, and others).

More problematic is that most of the lawsuits state that they are filed on behalf of Plaintiffs and those "similarly situated."  This language is usually contained in both the first paragraph of the complaints and in the body thereof.  This necessarily means that the cases are class actions, yet Plaintiffs never seek to certify a class.  Rather, they demand $10,000 to settle the suit.  *See* Exhibit E (form letter sent to defendants when they appear demanding payment).  However, compromising, settling, and dismissing these lawsuits filed on behalf of all *similarly situated persons* constitutes a class actions.  These types of cases may not be settled  or dismissed without notification to the class and approval by the Court.  *See* Fed. R. Civ. Proc. 23(e).  However, once the money is paid, the lawsuits go away.

After Hotels and Stuff Inc. petitioned this Panel to take control over these cases, and asked the Western District of Pennsylvania to consolidate the psuedo-class actions in that court into one case, Plaintiff Saim Sarwar mysteriously dismissed the action against Movant.  Apparently fixing the website suddenly became less important.

This is not a case similar to *In re: Starbucks Corporation Access for Individuals With Disabilities,* MDL No. 2849, where this Panel denied consolidation because the cases involved different issues at each store rather than uniform policies.  In this case, we have only two stores (Store 1:  Expedia controlled websites;  Store 2:  Booking.com controlled websites) and the Plaintiff sues hundreds of defendants about the same two stores.  Its akin to a mall having an obstruction in front of the door and the Plaintiffs suing every store in different courts about the same obstruction.

Plaintiffs barrage of lawsuits continues to inundate the courts.  As shown by the Notices of Related Litigation, many more suits were filed and continue to be filed.  Hotels & Stuff Inc. cannot keep up with the churning out of identical lawsuits.  Movant believes that the number of

identical suits will continue at a rate of between 50 and 100 per month relating to the same

Expedia and Booking.com owned websites, with the same vague cookie-cutter factual

allegations and legal conclusions.

III. **Conclusion**

This Panel may *sua sponte* consolidate these cases regardless of the dismissal of Hotels

and Stuff Inc. as a party. The lawsuits are identical. They allege the same facts and relate to

the same exact websites.

WHEREFORE, Movant Hotels and Stuff respectfully requests that this Court

consolidate these identical proceedings pursuant to 28 USC 1407 along with all tag-along

cases.

Respectfully submitted,

**HOTELS AND STUFF INC.**

By: */s/ J. Allen Roth, Esq.*
    J. Allen Roth, Esquire
    757 Lloyd Avenue #B
    Latrobe, PA 15650
    (724) 537-0939

    **ATTORNEY FOR MOVANT**