BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: HOTEL BOOKING ADA LITIGATIONS  MDL No. 2978

PLAINTIFFS' AMENDED SUR-REPLY

Plaintiffs, by and through undersigned counsel, hereby submit this Sur-Reply.

**1.  Dismissing Case against Hotels and Stuff is Not a Violation of Fed. R. Civ. Proc. 23**

Defendant acknowledges that the only case against it has been dismissed. The continuation of this Defendant/movant and its attorney to file papers in this case are consistent with the actions for which Attorney Roth was disciplined by the Pennsylvania Bar. He has no active client in any of these cases and is entirely without any basis to continue this matter, or to file any motion or brief. He has far exceeded his authority as an attorney. Indeed, Attorney Roth and Hotels And Stuff already filed a Notice Of Withdrawal of their motions to consolidate in the Western District of Pennsylvania cases based on this. See, e.g. *Sarwar v. Beidman*, W.D.Pa., 3:20-cv-210, DE 14. It is inexplicable how or why they continue to proceed in this case.

Defendant claims that the dismissal against them violated Fed. R. Civ. P. 23. However, this is not a class action. It has not been certified as a class action. The mere fact that the complaints refer to "others similarly situated" does not convert any action into a class action. Rather, it is consistent with the plaintiffs acting in their capacity of private attorneys general, as recognized in *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1333-34 (11th Cir. 2013); *Civil Rights Educ. & Enforcement Ctr. v. Hosp. Properties Trust*, 867 F.3d 1093, 1101 (9th Cir. 2017). See also *Hensley v. Eckerhart*, 461 U.S. 424, 445 (1983) ("All of these civil rights laws depend heavily upon private enforcement...").

**2.      Continued References To Expedia Are Meritless**

Defendant finally submits the so-called contract with Expedia, claiming that the plaintiffs and all other disabled persons are bound by it. This is nothing more than a unilateral statement from Expedia. However, for myriad reasons, this statement does not operate as a waiver of disabled persons of their rights to sue under the ADA. First, as explained in Plaintiffs' earlier brief, they have no cause of action against the third parties, such as Expedia.  Expedia is not liable to them and Expedia is not an owner, operator, lessor or lessee of the hotel. Only the hotel is liable to the plaintiffs. One cannot unilaterally promulgate a document that waives the civil rights of another.  *Nelson v. Cypress Baghdad Copper Corp.*,119 F.3d 756 (9th Cir. 1997). For example, factors to consider whether a person can contractually waive their civil rights include whether (1) the language of the agreement was clear and specific; (2) the consideration given in exchange for the waiver exceeded the relief to which the signer was already entitled by law; (3) the signer was represented by counsel; (4) the signer received an adequate explanation of the document; (5) the signer had time to reflect upon it; and, (6) the signer understood its nature and scope. *Andrew P. v. Bucks County Intermediate Unit*, 2001 U.S. Dist., Lexis 42193 (E.D.P.A. 2001), citing *W.B. v. Matula*, 67 F.3d 484, 497 (3d Cir. 1995).       Waivers of civil rights are subject to a heightened level of scrutiny. *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 358 (6th Cir. 2004).       Waivers of civil rights must be voluntary, knowing and intelligent and must be established by clear and compelling evidence. *Erie Telecomms. v. Erie*, 853 F.2d 1084, 1094 (3rd Cir. 1988), citing *Faretta v. California*, 422 U.S. 806, 835  (1975) ; *Edwards v. Arizona*, 451 U.S. 477, 483-85 (1981); *Fuentes v. Shevin*, 407 U.S. 67, 95 (1972); *D. H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 184-86  (1972); *Johnson v. Zerbst*, 304 U.S. 458,

468-69 (1938); *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 145, 18 L. Ed. 2d 1094, 87 S. Ct. 1975 (1967); *Rodgers v. United States Steel Corp.*, 536 F.2d 1001, 1007 & n. 14 (3d Cir. 1976).

3. **The Cases Referenced By Defendant Are Unavailing**

Defendant cites several cases in which courts have issued show cause orders. However, these courts have only issued show cause orders and none of those cases referenced involved any final order that the plaintiff lacks standing. Defendant also cites the *Mann* decision, which is presently on appeal. However, the *Mann* court simply held that the plaintiff lacks standing and voiced its displeasure for such actions. That case is on appeal, as it is against the overwhelming weight of authority. Moreover, merely citing a small minority of adverse decisions falls far short of establishing how or why all cases should be transferred to this Panel.

4. **Defendant's Reference To Bullying And Settlement Negotiations Is Meritless**

Defendant refers to bullying and plaintiff's settlement demands. Defendant also completely fails to explain how this is the basis of any sort of cause of action, counterclaim or any other claim against plaintiffs or their attorneys. Defendants also fail to establish how or why any of this is improper. Indeed, plaintiff are entitled to their attorney fees pursuant to 42 U.S.C. Section 12205. In fact, they are presumptively entitled to such. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

Respectfully submitted,

By: /s/ Thomas B. Bacon
Thomas B. Bacon, P.A.
644 N. McDonald Street
Mt. Dora, FL 32757
tbb@thomasbaconlaw.com
954-478-7811