BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: HOTEL BOOKING ADA LITIGATIONS        MDL No. 2978

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

Plaintiffs, Saim Sarwar, Janis Shumway and Deborah Laufer, by and through undersigned counsel, hereby files the instant Motion For Sanctions against both Defendant Hotels and Stuff, Inc., and its attorney, John Allen Roth pursuant to Fed. R. Civ. P. 11.

**MEMORANDUM**

**I.**     **Defendant Hotel's And Stuff And Attorney Roth Commenced These Multidistrict Proceedings Vexatiously And Frivolously**

For the reasons set forth in Plaintiff's Opposition To Defendant's Motion To Transfer, Hotel and Stuff's and Roth's commencement of these proceedings is so lacking in merit that sanctions are warranted.

Fed. R. Civ. P. 11(b) requires that by presenting to the court any motion or other paper, the signing attorney certifies that to the best of their knowledge, information and belief, that the motion was not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, that the claims or other contentions are warranted by existing law, and that the factual contentions have evidentiary support.

As set forth in Plaintiff's Memorandum, nothing submitted by Mr. Roth or Hotels and Stuff had any factual basis or were warranted by existing law. Rather, their actions were completely frivolous and entirely devoid of merit.

Indeed, Mr. Roth and Hotels and Stuff commenced these multidistrict proceedings, then proceeded to file motions in forty different cases. The only case in which Mr. Roth represents

anybody was the Original Case filed against Hotels and Stuff. The other cases involved 39 other completely unrelated defendants, many of whom have their own counsel. Thus, not only has this Plaintiff's attorney and all the other plaintiff's attorneys been forced to review and react to Mr. Roth's frivolous proceeding and motions, but all the other defendant's attorneys in all the other actions have likewise been forced to become involved, as Mr. Roth obviously attempts to affect their clients' interests, interfere with their litigation, and possibly usurp representation of their clients.

Accordingly, under Rule 11( c), both Hotels and Stuff should be sanctioned. The undersigned certifies that the safe harbor requirement of this rule has been satisfied, as it was served on Mr. Roth by email and mailed to his dated October 30, 2020, more than 21 days prior to the filing of this motion.

Not only should Mr. Roth and Hotels and Stuff be required to compensate for the fees and costs of Plaintiff's attorneys, they should also be required to compensate the attorneys of all the other defendants.

Respectfully submitted,

By: /s/ Thomas B. Bacon  
Thomas B. Bacon, P.A.  
644 N. McDonald Street  
Mt. Dora, FL 32757  
tbb@thomasbaconlaw.com  
954-478-7811

*Proof of Service*

I hereby certify that the foregoing was served on John Allen Roth by email and United States First Class Mail this 30th day of October, 2020.

By: /s/ Thomas B. Bacon

.