BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: HOTEL BOOKING ACCESS FOR         MDL DOCKET NUMBER: 2978
       INDIVIDUALS WITH DISABILITIES

## SUPPLEMENTAL BRIEF OF HOTELS AND STUFF INC.

Hotels and Stuff Inc., the original movant herein, by and through its undersigned counsel, files this Supplemental Brief at the direction of the Panel relating to the continuation of this action after the dismissal of the underlying lawsuit. In filing this brief, we also oppose the vindictive motions for sanctions that have been filed.

As this Panel is aware, the case against Hotels and Stuff Inc. (H&S) mysteriously disappeared through a voluntary withdrawal of the claims. H&S certainly did not settle the action. At this point, H&S' sole goal remains the interests of justice and the judicial economy. Counsel continued this action *pro bono* to allow this Panel to reach a conclusion based either on its motion or *sua sponte* pursuant to 28 USC 1407(c)(i). Specifically, as noted by the United States District Court for the District of Maryland, "[Plaintiffs have] filed scores of nearly identically drafted Complaints in several jurisdictions." *Laufer v. Ft. Meade Hospitality,* No. 8:20-cv-1974, Entry 8 (D. Md. Nov. 10, 2020).

H&S properly invoked the jurisdiction of the panel pursuant to 28 USC 1407(c)(ii). This statute allows any party to an action to petition the panel if it believes that coordination of lawsuits may be appropriate under the statute.

The statute is silent as to whether the movant's standing ends whenever the underlying action is terminated. However, it does not appear to be jurisdictional as this Panel does not need a movant to consolidate cases for coordination. The Panel may act *sua sponte.*

As this does not appear to be a question of jurisdiction or standing once the case is initiated, the correct question would be whether the motion appears moot. Certainly, where every day more and more factually identical cases are being filed by the nominee plaintiffs, consolidation does not appear

1

moot or unwarranted. It is no different than if this Panel consolidated the cases and Hotels and Stuff's underlying case terminated-- the other cases remain and more are being filed.

In *In re: Anthony Spencer Green Sr. Litigation*, MDL 2808 (2017) and in *In re: Poland Spring 100% Natural Spring Water Litigation*, MDL 2805 (2017), this Panel dismissed the motion for consolidation and coordination when the underlying actions were dismissed or transferred to a single court because it "depriv[ed] th[ese] litigation[s] of [their] multidistrict character." In the present case, the litigations continue to be filed with the same boilerplate pleading, asserting the same facts. That is, each litigation claims that the same Expedia and Booking.com owned websites violate the Americans with Disabilities Act.

There appears to be another problem with simply tossing the petition. The plaintiffs in the underlying litigation appear to have withdrawn the lawsuit against H&S solely to eliminate the possibility of consolidation, which would severely impact counsel's ability to settle the lawsuits for $6,000 to $10,000 each in a quick manner. Rather, the factual question of counsel's fair fees and hours would be determined on a consolidated and supervised basis.

If this Panel finds that dismissal of the underlying motion is appropriate simply because of the unilateral withdrawal of the action, two problematic scenarios may occur: First, defendants in these actions will know that if they petition the Panel to consolidate, counsel for the plaintiffs will dismiss the case against their client. Second, plaintiffs will know that they can eliminate any motion before this Panel by dismissing the underlying case. Both scenarios could result in a plethora of motions before this Panel and subsequent withdrawals of the motions.

As no mootness or deprivation of the underlying multidistrict character of the cases exists, and considering the nature of the jurisdictional statute only requiring that the action exist at the time of the initial motion along with Congress allowing the Panel to act *sua sponte* without a movant, there exists no requirement of dismissal or withdrawal of the proceedings.

Therefore, this Panel should consider the consolidation and coordination of the "scores" of

actions that are being continually lodged by counsel for the plaintiffs.

As to the two vindictive motions for sanctions, they each lack merit. The Rules of the Panel require the parties to notify it when an action has been withdrawn. Plaintiffs notified this Panel in its Brief and the undersigned acknowledged the same in the Reply Brief. The Rules do not require a movant to withdraw the motion when the movant believes that it remains in the best interest of the federal judicial system, and public confidence therein, to have the identical proceedings consolidated. This appears especially true where counsel for the Plaintiffs are inappropriately advising courts on the Civil Cover Sheets that no related cases have been filed.[1] This is to obtain random judges and prevent consolidation and oversight.

WHEREFORE, this Panel should consider the motion for consolidation and coordination on its merit or *sua sponte* consider whether these actions should be consolidated. In addition, the motions for sanctions should be denied.

Respectfully submitted,

HOTELS AND STUFF INC.

*/s/ J. Allen Roth, Esq.*
J. Allen Roth, Esq.
757 Lloyd Avenue #B
Latrobe PA  15650
(724) 537-0939  Telephone
lawmatters@yahoo.com

COUNSEL FOR MOVANT

---

[1] In the District of Colorado, Plaintiffs actually filed certifications with that Court in each action claiming it is unrelated to any other case. Yet the suits are all about the same Expedia and Booking.com controlled websites and are clearly related.

3